UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 25-23845-CIV-MARTINEZ

CRISTIAN AGUILAR MERINO,

    Petitioner,

v.

GARRETT RIPA, KRISTI NOEM, and
PAM BONDI *in their official capacities*,

    Respondents.

_____/

## ORDER TO SHOW CAUSE

    This matter is before the Court on Petitioner Cristian Aguilar Merino's Petition for Writ of Habeas Corpus, (ECF No. 1), and Motion for Order to Show Cause, (ECF No. 8). Petitioner alleges he is being detained at Krome North Service Processing Center in Miami, Florida, by Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), since June 6, 2025. He further alleges he is eligible for release on bond pursuant to an Immigration Judge's order, *see* (ECF No. 1 at ¶¶ 41-42), but that ICE has invoked an automatic stay provision, 8 C.F.R. § 1003.19(i)(2), which prevents his release pending ICE's appeal of the bond decision. (*See id*).

    Petitioner alleges that on August 5, 2025, a different Immigration Judge granted his Motion to Terminate, closing his removal proceedings. (*See id*. at ¶ 43). In response, ICE refiled the same Notice to Appear ("NTA") that had already been twice dismissed. (*See id*. at ¶¶ 3, 43). Petitioner further alleges that his indefinite detention pursuant to the automatic stay provision exceeds Respondents' statutory authority to detain him in violation of his substantive and procedural due process rights. (*See id*. at ¶¶ 51-52).

    "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to

the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." *Id.* "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

The Court cannot say from the face of the application that Petitioner is not entitled to relief. The Court finds that the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three-day return on show cause order provided in 28 U.S.C. § 2243.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion for Order to Show Cause, (ECF No, 8), is **GRANTED**.

2. Petitioner shall serve his Petition and a copy of this Order on Respondents **within three (3) business days** from the date of this Order, and file proof of such service with the Court.

3. Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted **within three (3) business days** of service.

4. Petitioner shall have **three (3) business days** from the date of Respondents' response to file a reply.

5. The Court will thereafter set a hearing on this matter.

6. Furthermore, to preserve the status quo and the Court's jurisdiction, Respondents shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29 day of August, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record